UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO P. PORTILLO,<br><br>    Plaintiff,<br><br>       v.<br><br>BEYER FINANCIAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-04493-RS<br><br>**ORDER GRANTING MOTION TO REMAND, DENYING AS MOOT MOTION TO DISMISS, AND AWARDING FEES** |

## I. INTRODUCTION

Plaintiff Francisco Portillo commenced this action in the Sonoma County Superior Court by filing a petition to confirm his arbitration award pursuant to California Code of Civil Procedure § 1285. After defendants Credit Cars, Inc., Beyer Financial Corporation, Thomas Perry, Walter Scruggs, and American Contractors Indemnity Corporation removed on the basis of federal question jurisdiction, Portillo filed this motion to remand. Portillo contends there is no subject matter jurisdiction, unanimity of consent to removal, or a procedurally effective notice. Defendants counter by offering three bases for jurisdiction and arguing removal was proper.

Because the Court lacks subject matter jurisdiction over this case, Portillo's motion to remand to the Superior Court for Sonoma County is granted. Defendants' motion to dismiss is denied as moot. For the reasons explained below, Portillo is awarded costs and attorney's fees in the amount of $10,537.50. Pursuant to Civil Local Rule 7-1(b), the motions set for December 10, 2015 are suitable for disposition without oral argument, and the hearing will be vacated.

## II. FACTUAL BACKGROUND

Some time in late 2012 or early 2013, plaintiff Francisco Portillo contracted to buy a 2006 Mercury Mountaineer from an auto-dealer known as Credit Cars. The transaction was financed by

Beyer Financial Corporation, which was doing business as Express Auto Funding. Soon after the transaction, Portillo sought to rescind the contract. The dispute was referred to binding arbitration pursuant to a clause in the agreement.

A hearing was held on May 13, 2014, before Philip L. Bowman, an arbitrator employed by the American Arbitration Association ("AAA"). The hearing was attended by Portillo, the claimant, defendants Thomas Edward Perry and Walter Scruggs—individuals apparently doing business through a general partnership called Credit Cars—and defendant Express Auto Funding ("EAF"). Portillo brought claims under the Truth in Lending Act, 15 U.S.C. § 1601, and the FTC Used Car Rule, 16 C.F.R. § 455, amongst others. After considering the arguments, on July 15, 2014, the arbitrator awarded Portillo $28,453.71. Defendants' subsequent petition to vacate Portillo's award was denied by Bowman and the AAA, respectively.

Next, although the contract provides that "[a]ny arbitration under th[e] Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. Section 1 *et seq.*) and not by any state law regarding arbitration,"[1] defendant EAF and Credit Cars, Inc.—a purportedly new and unrelated party—filed a petition in the Sonoma County Superior Court seeking to vacate the award under state law. *See* Cal. Code of Civ. Proc. § 1285. Credit Cars, Inc. was soon voluntarily dismissed from the proceeding. Portillo then filed a motion to quash service and to dismiss the petition to vacate filed by EAF. On January 28, 2015, the assigned Sonoma County Superior Court judge concluded that Portillo was not timely served under state law, and that equitably tolling pursuant to California law did not apply. The court granted Portillo's motion to dismiss the petition seeking to vacate the arbitration award. EAF timely appealed to the Appellate Division of the Sonoma County Superior Court. On August 27, 2015, the Appellate Division affirmed the lower court's decision to dismiss the petition.

---

[1] The clause also provides: "[a]ny court having jurisdiction may enter judgment on the arbitrator's award"; and "[t]he arbitration award shall be final and binding and not appealable on all parties, subject to limited rights to appeal under the Federal Arbitration Act." *See* Notice of Removal, Ex. A.

A few weeks later, on September 9, 2015, Portillo commenced this action in the Sonoma County Superior Court by filing a petition to confirm his arbitration award pursuant to California Code of Civil Procedure § 1285.[2]  Portillo named as defendants Credit Cars (not to be confused with Credit Cars, Inc.), Beyer Financial Corporation (doing business as EAF), American Contractors Indemnity Corporation, and Thomas Perry and Walter Scruggs, two individuals who were revealed in the arbitration to be general partners of Credit Cars.  Roughly three weeks later, the defendants, along with Credit Cars, Inc.—a suspended California corporation—removed the action to federal court.  Portillo's motion to remand then followed, and defendants also filed a motion to dismiss.

### III. LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy. *See* 28 U.S.C. §§ 1331, 1332.  Courts strictly construe the removal statute against finding federal subject matter jurisdiction, and the defendant bears the burden of establishing the basis for removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### IV. DISCUSSION

Portillo contends remand is warranted on three separate grounds: (1) an absence of subject matter jurisdiction; (2) the failure of all defendants named in his petition to join or consent to

---

[2] That section provides: "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award. The petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award." Cal. Code Civ. Proc. § 1285.

1  removal; and (3) a failure to state the grounds for removal in the notice.

**A. Subject Matter Jurisdiction**

Defendants removed this action on the basis of federal question jurisdiction.[3] The notice of removal specifies three purportedly applicable federal laws—the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and two substantive statutes previously at issue in the underlying arbitration proceeding, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and the FTC Used Car Rule, 16 C.F.R. § 455.  None of the stated grounds is sufficient to confer jurisdiction.

Even though "the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984); *see also Vaden v. Discover Bank*, 556 U.S. 49 (2009) (noting the FAA "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute").  Thus, the only possible bases for jurisdiction are the TILA and the FTC Used Car Rule.

Importantly, those bases arose only in the context of the underlying arbitration proceeding.  The Ninth Circuit instructs that "it is not the presence of federal issues in an underlying arbitration that determines whether federal question jurisdiction exists, but rather the grounds asserted for federal review in a well-pleaded petition." *Carter Health Net of Cal., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004); *see also Sharlands Terrace, LLC v. 1930 Wright St., LLC*, No. C–11–2503–EDL, 2011 WL 3566816, at *4 (N.D. Cal. Aug. 12, 2011) ("[A] petition to vacate or confirm an arbitration award does not 'arise under' federal law merely because the underlying arbitration involves a federal question.") (quotation marks omitted).  The TILA and the FTC Used Car Rule therefore provide no help.

Turning to Portillo's petition, the well-pleaded complaint rule provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is

---

[3] The notice of removal alludes to the possibility of diversity jurisdiction, *see* Notice of Removal ¶ 3, however, it fails to allege the amount in controversy or the citizenship of any party.  In any event, defendants abandoned the argument in their subsequent brief.

based upon [federal law].'" *Vaden*, 556 U.S. at 60 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Thus, "petitioners relying on state arbitration statutes must establish in their petitions for confirmation or vacatur that the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law." *Carter*, 374 F.3d at 836 (quotation marks and citation omitted). That is not the case here.

Portillo seeks confirmation of his award pursuant to the terms of the California Arbitration Act. *See* Notice of Removal, Ex. A; Cal. Code of Civ. Proc. § 1285. The petition itself is a completed version of the Judicial Council of California's form ADR–106, and it does not invoke or otherwise rely on federal law. Defendants make much of the fact that Portillo's petition obliquely references the statutes involved in the arbitration. Their plea is unavailing. In *Carter*, for example, as explained above, the Ninth Circuit held that no federal question was raised by a petition to confirm an arbitration award brought in Superior Court given that it "primarily invoked provisions of the California Arbitration Act." 374 F.3d at 833. The court reached this conclusion in spite of the fact that the underlying arbitration proceeding turned on the proper application of the federal Employee Retirement Income Security Act ("ERISA"). *Id.* at 837–39.

In sum, Defendants have failed to demonstrate that a federal question appears on the face of Portillo's well-pleaded petition. Accordingly, Portillo is correct that the Court lacks subject matter jurisdiction over this case. The motion to remand to the Superior Court for Sonoma County must be granted.[4]

---

[4] In light of this conclusion, Portillo's other arguments need not be reached. It does appear, however, that remand would also be warranted based on the failure of all defendants to consent to removal. Portillo's state court petition specifically names Credit Cars as a defendant, yet it is undisputed that Credit Cars did not join or consent to removal. Additionally, during the arbitration proceeding, Walter Scruggs indicated that Credit Cars was not an incorporated business, and that he operated the entity in partnership with Thomas Perry. Assuming Credit Cars was served in the state court proceeding, Credit Cars appears capable of providing consent to removal. Further, the Credit Cars, Inc. entity defendants brought into the case was suspended in California as of May 20, 2004. In all likelihood then it was not the entity that contracted with Portillo nearly a decade later.

**B. Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The purpose of an award is not to punish the removing party but instead to reimburse the party who sought remand for litigation costs incurred as a result of unnecessary removal. *See Moore v. Permanente Medical Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). Portillo requests he be awarded $10,537.50 in attorney's fees, representing the cost of 28.1 hours of work in drafting the motion to remand, the reply brief, and the opposition to the motion to dismiss. Decl. of John R. Hendrickson ¶ 10–12. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, a review of the relevant authorities should have persuaded defendants that federal jurisdiction is absent and the case lacked an objectively reasonable basis for removal. It is well established that the Federal Arbitration Act does not afford a basis for jurisdiction, and Portillo's petition contains a single state law cause of action. Perhaps more importantly, this dispute arises out of an arbitration, the purpose of which is to manage and quickly resolve disagreements at low cost and with as little adverse impact as possible on the parties. Given the relatively modest sum Portillo seeks to recover, defendants' improper removal undermines the prior proceeding. In these circumstances, the Ninth Circuit has found it appropriate to award fees. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir. 2006) ("Del Taco's state court petition to confirm the arbitration award contained only one state law cause of action; it did not contain any federal claim that could provide the basis for a § 1441(c) removal. . . . There being no objectively reasonable basis for removal, the district court did not abuse its discretion in awarding attorney's fees under § 1447(c) to Del Taco."). Accordingly, Portillo shall be awarded costs and attorney's fees in the amount of $10,537.50.

6

## V. CONCLUSION

Because there is no subject matter jurisdiction over this case, Portillo's motion to remand to the Superior Court for Sonoma County is granted. Defendants' motion to dismiss is denied as moot. Portillo is awarded costs and attorney's fees in the amount of $10,537.50.

**IT IS SO ORDERED**.

Dated: December 1, 2015

_____
RICHARD SEEBORG
United States District Judge